UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MYLON S. BETTS, | ) |
| | ) |
| Plaintiff, | )   Cause No. 1:23-CV-408-HAB-SLC |
| | ) |
| v. | ) |
| | ) |
| CITY OF MARION, ET AL. | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Mylon S. Betts, an individual without counsel, filed suit against the City of Marion ("the City"), members of the Marion Police Department, the Building Commissioner, and Code Enforcement employees (collectively, "individual Defendants") asserting that they violated the Fourth and Fourteenth Amendments when they entered onto his property and took various actions. (ECF No. 1). Additionally, he asserts criminal violations under 18 U.S.C. §241 and §242, and a hodge podge of what might be state court claims. Along with his Complaint, Betts filed a request to proceed without prepayment of the filing fee.

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement [of this case] without pre-payment of fees [if] the person is unable to pay such fees . . .." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). Upon initial review, the Court denied Betts' IFP petition for incompleteness. Betts has now refiled his request for IFP status (ECF No. 5) and the Court is satisfied that he meets the financial requirements to proceed *in forma pauperis*.

However, in assessing whether a plaintiff may proceed IFP, district courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant.

The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Further, "[c]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

As best the Court can discern from Betts' complaint, Betts is complaining about his vehicles being "tagged" and possibly seized for alleged code violations. He asserts that the individual Defendants, all employees of a state agency or municipality, repeatedly targeted him and entered onto his property in violation of the Fourth Amendment and deprived him of due process under the Fourteenth Amendment. These are claims properly brought pursuant to 42 U.S.C. §1983, and the Court will allow Betts to proceed on these claims. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)) ("To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law.").

To the extent Betts intends to pursue a §1983 claim against the City, it is unclear to the Court whether he is alleging that the City had an official policy or custom that caused the deprivation of his constitutional rights. See *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978) (municipalities, like other state actors, are subject to liability under § 1983 when their policies subject, or cause to be subjected, any U.S. citizen to the deprivation of a constitutional

2

right). Because the Court cannot discern from his filing any factual allegations relating to an official policy of the City, Betts' claims against the City are DISMISSED. However, Betts will be granted an opportunity to amend his Complaint to assert the factual basis for any claim that an official policy of the City creates municipal liability under §1983.

Betts is also seeking monetary damages from the individual Defendants under the federal criminal statutes making it illegal to engage in a conspiracy to deprive civil rights. *See* 18 U.S.C. §§241 and 242. Criminal charges cannot be brought through a private lawsuit, and neither of these sections give rise to a civil cause of action. *See, e.g., United States v. Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (declining to create civil remedy under 18 U.S.C. §§ 241 and 242); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (18 U.S.C. § 241 is a criminal statute which does "not give rise to civil liability."). Because a plaintiff cannot bring criminal charges against defendants through a private lawsuit, and this section does not give rise to a civil cause of action, Betts' claims for violations of § 241 and § 242 are not plausible and will be dismissed with prejudice.

Finally, given that Betts' individual §1983 claims confer original jurisdiction in this Court, the Court could exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any state law claims he asserts. However, Betts' complaint is not in the form required by Fed. R. Civ. P. 8(a) nor can the Court discern what state law claims he believes he has. Instead, Plaintiff has provided a list of alleged offenses and dated entries recounting his view of what occurred on those dates. For instance, he lists each individual Defendant and provides a list of offenses he believes they committed. Following that list, he provides the Court with a timeline of events. To state a claim, a plaintiff must set forth facts supporting his state claims that state a plausible claim for relief under state law. The Court cannot at this point determine what, if any, state claims may exist. Thus, to

the extent Plaintiff intended to file suit for violations of Indiana law, those claims are dismissed. Plaintiff may, however, file an amended complaint if he believes he has state law claims to pursue.

Accordingly, the Court:

1) GRANTS the Plaintiff leave to proceed *in forma pauperis* (ECF No. 5) and DEFERS payment of the filing fee;

2) ORDERS the Plaintiff to pay the $350.00 filing fee from any proceeds recovered in this case;

3) DISMISSES with prejudice Plaintiff's claims under 18 U.S.C. §§241 and 242; DISMISSES without prejudice Plaintiff's §1983 claims against the City; and DISMISSES without prejudice Plaintiff's state law claims.

4) GRANTS Plaintiff until November 23, 2023, to file an Amended Complaint, if he chooses to do so. Plaintiff is cautioned that his amended complaint should be a short and plain explanation of the basic facts supporting his legal claims – in essence, the who, what, when, and where – supporting his claims. Plaintiff is encouraged to use this Court's Civil Complaint form located on the Court's website at https://www.innd.uscourts.gov

5) DIRECTS the Plaintiff to provide, by November 23, 2023, the addresses of the individual Defendants for the purpose of effectuating service.[1] Upon the Plaintiff's provision of the addresses, the Clerk is DIRECTED to request Waiver of Service from (and, if necessary, the United States Marshal to serve process on) the Defendants, with a copy of this Order and the Complaint, pursuant to 28 U.S.C. § 1915(d).

6) So ORDERED on November 6, 2023.

> s/ *Holly A. Brady*
> CHIEF JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT

---

[1] Plaintiff only provided 3 addresses in his Complaint. He is required to assist the Court in effectuating service on the Defendants.