UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MYLON S BETTS,

    Plaintiff,

    v.

JEFF WELLS, et al.,

    Defendants.

Case No. 1:23-CV-408-CCB

## <u>OPINION AND ORDER</u>

Before the Court is Plaintiff Mylon S. Betts's Motion to Reconsider. (ECF 83). Mr. Betts and Defendants previously cross-moved for summary judgment. (ECF 61; ECF 67; ECF 69). The Court granted summary judgment to Defendants and denied it to Mr. Betts. (ECF 80). Mr. Betts now moves the Court to reconsider that decision. (ECF 83). The Court declines to do so for the following reasons.

In his motion to reconsider, Mr. Betts makes three perfunctory arguments in support of reconsideration: (1) violation of due process in the removal and seizure of vehicles, (2) lack of proper notice and the opportunity to be heard, and (3) improper application of qualified immunity. None avail.

First, Mr. Betts argues that Defendants violated his procedural due process rights under Indiana law when they seized and removed his vehicles from his property. But Mr. Betts did not raise this claim in his operative complaint. (*See* ECF 8 at 9; ECF 80 at 5). As the Court explained in its previous order, "summary judgment is generally far too 'late in the day to be adding new claims.'" (ECF 80 at 6 (quoting *Auston v. Schubnell*, 116 F.3d 251, 255 (7th Cir. 1997)). Though courts may permit constructive amendment of

complaints at summary judgment, it is "rarely" appropriate to do so. *Ollison v. Gossett*, 136 F.4th 729, 740 (7th Cir. 2025) (quoting *Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 490 (7th Cir. 2023)). The Court did not permit such constructive amendment here. (ECF 80 at 6). Thus, Mr. Betts's due process claim under Indiana state law cannot succeed. The Court declines to reconsider its prior order on this ground.

Second, Mr. Betts argues that Defendants failed to provide him proper notice and the opportunity to be heard as required by the Fourteenth Amendment. Again, Mr. Betts did not raise this claim in his operative complaint. Thus, it was not properly before the Court at summary judgment. The Court will not reconsider its prior order on this basis for the same reasons discussed above.

Third, Mr. Betts argues that Defendants were not qualifiedly immune due to the "egregious nature" of their constitutional violations. (ECF 83 at 3). Though the burden rested on Mr. Betts to show that qualified immunity did not apply after Defendants raised it in their motion for summary judgment, he offered no response in his briefing. Nor does he make any argument here that Defendants' conduct violated "clearly established statutory or constitutional rights." *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010). Perfunctory allegations of egregiousness are not enough. This argument fails.

For these reasons, the Court **DENIES** Mr. Betts's Motion to Reconsider. (ECF 83).

SO ORDERED on April 13, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

2